NO. 07-11-00015-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 22, 2011

GEORGE D. BRADLEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,171-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

On January 19, 2011, appellant, George D. Bradley, filed a notice of appeal from a judgment entered by the 108th District Court of Potter County, Texas, in cause number 57,171-E. In this notice, appellant expressly indicates that he "chooses to exercise his right to self[-]representation," but also states that he is indigent. Appellant did not, however, include an affidavit of indigency with his notice of appeal. Taking the notice of appeal as a whole, we construe it to include a request that the appellate record be furnished to appellant without charge.

On February 15, 2011, the trial court clerk filed a motion for extension of time to file the clerk's record because appellant had not paid or made arrangements to pay for the record. This Court granted this request for extension and sent correspondence to appellant informing him that he needed to make payment or arrangements for preparation of the clerk's record. This letter directed appellant to ensure that the clerk's record was filed or to file a certification that payment or arrangements for payment had been made by March 14, or the appeal may be dismissed for want of prosecution. See TEX. R. APP. P. 37.3(b). On March 2, this Court sent notice to the official court reporter informing her that the reporter's record had been due on February 22, and directing her to provide a status update on the preparation of the reporter's record on or before March 14. On March 16, the trial court clerk filed a second request for extension again identifying that appellant has neither paid for nor made arrangements to pay for preparation of the clerk's record.

Because we have construed appellant's notice of appeal to request that the appellate record be furnished to him without cost, we now abate and remand this cause.

Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) if appellant is indigent, whether appellant desires to be appointed representation on appeal. If the trial court determines that appellant is indigent, we further direct the trial court to order the clerk and reporter to prepare the record and to provide the same to appellant or appellant's counsel. Finally, if the trial

2

court determines that counsel should be appointed to represent appellant on appeal, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than April 20, 2011.

Per Curiam

Do not publish.